UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL DRAKE, et al.,        )        CASE NO.  5:11CV1898
                              )
                              )
                              )        JUDGE SARA LIOI
                PLAINTIFFS,   )
vs.                           )
                              )        MEMORANDUM OPINION
                              )
DEREK RICHERSON, et al.,      )
                              )
                              )
                DEFENDANTS.   )

Before the Court is the motion of Intervenor State Farm Fire and Casualty Company ("State Farm") for summary judgment as to its duty to defend Defendant Dereck Richerson.[1] (Doc. No. 5.) Defendants, Richerson and Laborers' International Union of North America AFL-CIO Local 894 ("Local 894"), did not file an opposition to the motion, but Plaintiffs, Michael and Cynthia Drake, have filed a response, seeking the denial of the motion in the event that Richerson opposed summary judgment by advancing the position that the "injuries he inflicted were unanticipated." (Doc. No. 9.) Plaintiffs did not otherwise oppose State Farm's motion.

## I.        BACKGROUND

This case arises out of two encounters between Plaintiff Michael Drake and Defendant Richerson. The first event occurred on April 3, 2009, when Drake was working at a construction site as an employee of C.T. Taylor. While operating a piece of

---

[1] Defendant Dereck Richerson was incorrectly sued as "Derek" Richerson. (*See* Doc. No. 5-2, Page ID # 302.)

machinery, Drake was approached by Richerson, who was, at the time, Vice President of Local 894. (*State of Ohio v. Richerson*, Case No. CR 2010-01-0098 (Summit County 2010), Trial Transcript, February 16, 2011, Doc. No. 5-2, Page ID # 159-60, 176.) Over the course of the next several minutes, the two men had multiple heated conversations regarding the fact that Drake had not joined the union. It appears from the record that Richerson mistakenly believed that Drake was employed by a subcontractor whose membership had agreed to join Local 894. (*Id.* at 153-54.) The discussions ended without violence.

The second meeting between these two men occurred on January 9, 2010 at a convenience store in Akron Ohio, and the store's video camera recorded the incident. (Video DVD, Doc. No. 5-3.) Drake had entered the store to purchase lottery tickets. Richerson,[2] who had previously purchased lottery tickets and had exited the store, was still in the parking lot when Drake arrived. Richerson re-entered the store, and asked Drake if he remembered him. When Drake stuck out his hand as if to shake Richerson's, the latter began to strike Drake repeatedly with his fists and kick him. The beating lasted for several minutes, with Drake eventually falling to the ground and Richerson sitting on him, after which Richerson left the store. (*Id.*)

Richerson was charged with assault, and proceeded to trial in the Summit County Court of Common Pleas. (Indictment, Doc. No. 5-4.) After a bench trial, Richerson was convicted of felonious assault, under Ohio Rev. Code § 2903.11(A)(1), and a firearm specification, under Ohio Rev. Code § 2941.145. He was sentenced to two years imprisonment for the assault, which was ordered to run consecutively with a

mandatory three-year sentence for the gun specification.[3] (State Appellate Brief of Richerson, Doc. No. 5-5, Page ID # 374.)

Drake and his wife, Cynthia, brought a civil action in state court against Richerson and Local 894. Drake seeks damages for the injuries he claims he sustained as a result of the altercation with Richerson. Cynthia also seeks damages for loss of consortium. Plaintiffs allege that Local 894 is jointly and severally liable with Richerson for damages on the ground that it had participated in, authorized, or ratified Richerson's actions. (State Court Complaint, Doc. No. 1-1, Page ID # 6.)

At the time of the January 2010 convenience store incident, Local 894 was covered by a business insurance policy issued by State Farm. (Insurance Policy, Doc. No. 5-6.) The policy provided coverage for damages because of bodily injury or property damage resulting from an "occurrence," but it specifically excluded coverage for bodily injury or property damage which was either (1) expected or intended, or (2) the result of willful and malicious acts. (*Id.*, Page ID # 438-39.) Since Plaintiffs allege that Richerson was acting as an agent of Local 894 at the time of the assault, State Farm is presently defending both defendants under a reservation of rights. After Plaintiffs amended their complaint to add a claim for unfair labor practices under 22 U.S.C. § 158, and State Farm successfully moved to intervene, Local 894 and State Farm removed this case to federal court. (Notice of Removal, Doc. No. 1; Amended Complaint, Doc. No. 1-20, Page ID # 74.).

---

[2] At the time of this second encounter, Richerson held the position of President of Local 894.
[3] While Richerson has taken an appeal from the gun specification conviction, he did not seek appellate review of his felonious assault conviction. (*See* Doc. No. 5-5, Page ID # 375.)

State Farm now moves for summary judgment, seeking a declaration that it has no duty to defend or indemnify Defendant Richerson. (Motion for Summary Judgment, Doc. No. 5.) It leaves for another day the question of its obligation to Local 894, its policyholder.[4]

## II.  STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, when a motion for summary judgment is properly made and supported, it shall be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

An opposing party may not rely merely on allegations or denials in its own pleading; rather, by affidavits or by materials in the record, the opposing party must set out specific facts showing a genuine issue for trial. Affidavits or declarations filed in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

---

[4] For purposes of the present summary judgment motion only, State Farm also does not contest that Richerson is an "insured" under the policy held by Local 894.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n,* 909 F.2d 941, 943–44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the court must decide, "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322. Moreover, "the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus,* 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

Where a summary judgment motion is unopposed, " 'a court's reliance on the facts advanced by the movant is proper and sufficient[.]' " *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000) (quoting *Guarino v. Brookfield Twp Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) ("listing 'dozens' of 6th Circuit cases" standing for the same proposition)); Fed. R. Civ. P. 56(e)(2). In such a case, the moving party still retains the burden of establishing a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment. *Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 173-74 (6th Cir. 1984).

### III.     DISCUSSION

State Farm offers four reasons why it owes no duty to defend or indemnify Richerson: (1) a felonious assault is not an "occurrence" under State Farm's policy; (2) Richerson's assault against Drake falls within State Farm's policy exclusion for injuries that an insured expects or intends; (3) the assault by Richerson falls within the policy exclusion for injuries resulting from willful and malicious acts; and (4) Richerson's conviction for felonious assault estops him and Plaintiffs from denying that he knowingly injured Drake. Due to their relatedness, the Court shall address the first and second reasons together.

A. Coverage Is Not Available, As A Matter Of Law, Because Drake's Injuries Were Not The Result Of An Accident And Were Expected Or Intended

"It is axiomatic that an insurance company is under no obligation to its insured, or to others harmed by the actions of an insured, unless the conduct alleged of the insured falls within the coverage of the policy." *Gearing v. Nationwide Ins. Co*., 76 Ohio St. 3d 34, 36 (1996); *see Cincinnati Indem. Co. v. Martin*, 85 Ohio St. 3d 604, 609 (1999). Where an insurer has demonstrated that no genuine issues of material fact exist as to its duty to defend, and that it is entitled to judgment as a matter of law on the issue, summary judgment for the insurer is appropriate. *See, e.g., Arrowood v. Grange Ins. Co*., No. 82487, 2003 Ohio App. LEXIS 3632 (Ohio Ct. App., Cuyahoga County July 31, 2003) (summary judgment for insurer under intentional act exclusion proper); *Metropolitan Prop. & Cas. Ins. Co. v. Lengyel*, C.A. Nos. 19460, 19479, 2000 Ohio App. LEXIS 2281 (Ohio Ct. App., Summit County May 31, 2000) (same); *Bodager v. Chapman*, Court of Appeals No. OT-94-031, 1995 Ohio App. LEXIS 861 (Ohio Ct. App., Ottawa County Mar. 3, 1995) (same).

"In Ohio, normal rules of contract construction apply to the interpretation of insurance policies[,]" *St. Marys Foundry v. Emplrs. Ins. of Wausau*, 332 F.3d 989, 992 (6th Cir. 2003), and courts must give the words and phrases of an insurance policy their ordinary and usual meaning unless something in the contract indicates a contrary intention. *Ambrose v. State Farm Fire & Cas*., 70 Ohio App. 3d 797, 800 (Ohio Ct. App., Summit County 1990). The Court, therefore, turns to the language of the policy.

As previously stated, the insurance policy at issue provides coverage to its insured for bodily injury caused by an "occurrence." Specifically, the policy provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury, property damage, personal injury or advertising injury* to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. This insurance applies only:
>
> 1. to *bodily injury* or *property damage* caused by an *occurrence* which takes place in the coverage territory during the policy period…

The policy defines "occurrence" in pertinent part as follows:

> 10. *occurrence* means:
>
> a. an *accident*, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage; or
>
> b. the commission of an offense, or a series of similar or related offenses, which results in personal injury or advertising injury.

(Policy, Doc. No. 5-6, Page ID # 438-39, 450, emphasis added.)

In addition, the policy excludes coverage for injuries that the insured expects or intends. Under Coverage L [liability coverage], this insurance does not apply:

> 1. to bodily injury or property damage:
>
> a. *expected* or *intended* from the standpoint of the insured . . ..

(*Id.* at 438, emphasis added.)

State Farm argues that Richerson's felonious assault of Drake was not an occurrence under the policy, as it was not an accident but an intentional act, and that the

8

injuries resulting from this intentional act were expected or intended and, therefore, fall outside of the policy's coverage.

"[I]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." *Physicians Ins. Co. v. Swanson*, 58 Ohio St. 3d 189, 193 (1991). The intent to cause harm or injury may be inferred where the "intentional act and the harm caused are intrinsically tied so that the act has necessarily resulted in the harm." *Allstate Ins. Co. v. Campbell*, 128 Ohio St. 3d 186, Syllabus, 195 (2010) (extending the doctrine of inferred intent beyond the crimes of murder and molestation to other situations, including "felonious assault" cases, where the facts establish that the "action necessitates the harm"); *see also Nationwide Mutual Ins. Co. v. Layfield*, Case No. 2002-L-155, 2003 Ohio App. LEXIS 5995 (Ohio Ct. App., Lake County Dec. 12, 2003) (citing *Gearing v. Nationwide Ins. Co.*, 76 Ohio St. 3d 34, 36 (1996) ("acts which are intended to cause harm or are inferred as intended to cause harm are, by definition, not accidental"). Courts have often inferred the intent to harm where the insured has intentionally struck another person." *Layfield*, 2003 Ohio App. LEXIS 5995, at *7 (citing cases); *see, e.g., Pheiffer v. Sahler,* No. 78165, 2001 Ohio App. LEXIS 4058, at *12 (Ohio Ct. App., Cuyahoga County Sept. 13, 2001) (intent to injure was inferred from defendant's intentional striking of the plaintiff); *Bodager*, 1995 Ohio App. LEXIS 861, at *6-*7 (citing with approval the trial court's reasoning that "[c]learly, in consideration of the undisputed fact that the Defendant Scott Chapman kicked Plaintiff Jason Bodager, who was on the ground on all fours, in the face twice, the only reasonable inference which may be drawn is that the Defendant intended to injure him as a matter of law"); *see also Bailey v. State Farm Fire*

& *Casualty Co.*, 158 Ohio App. 3d 382, 385 (Ohio Ct. App., Portage County 2004) ("Injuries arising from a deliberate punch are expected or intended.").

In the present case, the video from the convenience store demonstrates that Richerson's assault upon Drake, which lasted several minutes and involved Richerson repeatedly striking and kicking Drake until Drake fell to the floor and Richerson sat on him, was intentional and voluntary. Richerson's own testimony at his criminal trial confirmed that he hit Drake multiple times, and that he threw the first punch. (Trial Testimony, Doc. No. 5-2, Page ID # 314, 339, 343.) Given the intentional, deliberate, and violent nature of Richerson's conduct, no reasonable juror could fail to find that the injuries were expected and intended.[5]

In addition, "a criminal conviction, in and of itself, may conclusively establish intent for purposes of applying an intentional acts exclusion." *Allstate Ins. Co v. Cole*, 129 Ohio App. 3d 334, 336 (Ohio Ct. App., Summit County 1998). "Further, a conviction involving the culpable mental state of knowingly is sufficient to trigger an intentional acts exclusion, so long as the exclusion contained in the insurance policy is not restricted to purely intentional acts, but also includes the expected results of one's acts." *Lengyel*, 2000 Ohio App. LEXIS 2281, at *6; *see Campobasso v. Smolko*, C.A. No. 3259-M, 2002 Ohio App. LEXIS 3800, at *5 (Ohio Ct. App., Medina County July 24, 2002).

---

[5] The fact that the Amended Complaint characterizes the conduct in the assault and battery claim as both intentional and negligent is not sufficient to preclude summary judgment in favor of the insurer. *See Bailey*, 158 Ohio App. 3d at 385 (quoting *State Auto Ins. Cos. v. Manning*, No. 96-G-2000, 1997 Ohio App. LEXIS 3583 (stating, "Even though the Blakes characterize Manning's actions as 'negligent' in their complaint, this does not give rise to a question of fact as to Manning's intent, for the mere insinuation of negligence in a civil complaint cannot transform what are essentially intentional torts into something 'accidental' that might be covered by insurance.").

10

As previously stated, Richerson was found guilty of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1), which provides in pertinent part that: "no person shall knowingly . . . cause physical harm to another . . .."[6] State Farm's policy excludes both intentional conduct, and injuries that were "expected or intended" from the intentional conduct. Richerson's conviction for felonious assault, at a minimum, constitutes additional support for a finding that State Farm owes no duty to defend Richerson under the intentional acts exclusion. *See, e.g., Western Reserve Mut. Ins. Co. v. Campbell,* 111 Ohio App. 3d 537, 542 (Ohio Ct. App., Lorain County 1996) (conviction for involuntary manslaughter, for which the culpable mental state is "knowingly," precluded coverage under an intentional or expected acts exclusion); *Wight v. Michalko*, Case No. 2004-0038, 2005 Ohio App. LEXIS 1999, at *12-*13 (Ohio Ct. App., Portage County Apr. 29, 2005) (conviction for aggravated assault, which requires a culpable mental state of knowingly, precluded coverage under homeowner's insurance policy); *Baker v. White,* Case No. CA2002-08-065, 2003 Ohio App. LEXIS 1540, at *5 (Ohio Ct. App., Clermont County Mar. 31, 2003) (felonious assault conviction barred coverage under intentional act exclusion of insurance policy); *Lingo v. State Farm Fire & Casualty Co.*, Nos. 69514 and 70753, 1996 Ohio App. LEXIS 5444, at *9 (Ohio Ct. App., Cuyahoga County Dec. 5, 1996) (conviction for aggravated assault supported a finding of no coverage under intentional act exclusion). Because the undisputed evidence offered in support of summary judgment establishes, as a matter of law, that the injuries were

---

[6] The culpable mental state of "knowingly" is defined in Ohio Rev. Code § 2901.22(B), which states that: "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

expected and intended, State Farm is entitled to summary judgment on the question of whether it must defend Defendant Richerson.

        B.  <u>Coverage Is Not Available, As A Matter Of Law, Because Richerson's Conduct Was Willful And Malicious</u>

Even if the undisputed facts did not support a finding, as a matter of law, that Drake's injuries were intended and expected, State Farms argues that it would be entitled to summary judgment under the "willful and malicious" exclusion. Under the policy, coverage does not exist for bodily injury or property damage that is the result of "willful and malicious" acts. (Policy, Doc. No. 5-5, Page ID # 439.) Unlike the "intentional act" exclusion, this provision does not require a finding that the injuries were expected or intended.

While the policy does not define the terms "willful" or "malicious," this is not fatal to State Farm's argument as the Court can apply the ordinary and usual meaning associated with these terms. *See Ambrose*, 70 Ohio App. 3d at 800. The term "willful" simply means an action that is "done deliberately" or "intentionally." Merriam Webster's Collegiate Dictionary (10th ed. 1997). "The term 'malice' encompasses conduct that evidences a callous and conscious disregard of the rights of another." *State Farm & Cas. Co. v. Boyson*, No. 76194, 2000 Ohio App. LEXIS 3021, at *20 (Ohio Ct. App., Cuyahoga County July 6, 2000) (citing *Buckeye Union Ins. Co. v. New England Ins. Co*., 87 Ohio St. 3d 280, 285-86 (1999)).

Applying the ordinary and usual meaning for these terms, the undisputed evidence supports a conclusion, as a matter of law, that these acts were willful and malicious. The video of the assault, and the testimony at Richerson's criminal trial,

12

establish that Richerson intentionally struck Michael Drake multiple times, without regard for Drake's rights. Indeed, no reasonable juror could conclude that these acts were accidental, or that they were performed with concern for Drake's safety or well-being. *See State Farm Fire & Casualty Co. v. Barker*, 143 Ohio App. 3d 407, 409-10 (Ohio Ct. App., Clark County 2001) (finding that the reasonable meaning of "willful and malicious" included an act performed with the intention of damaging property of another); *Aguiar v. Tallman*, Case No. 97 C.A. 116, 1999 Ohio App. LEXIS 985, at *20 (Ohio Ct. App., Mahoning County Mar. 15, 1999) ("applying a plain and ordinary meaning it seems to us difficult to imagine a more apposite example of a willful and malicious act than that of intentionally punching someone in the face in order to get them to 'shut up' "). Consequently, the willful and malicious act exclusion provides an additional reason why State Farm is entitled to summary judgment on the question of its obligation to defend Richerson.

C.  Richerson And Plaintiffs Are Estopped From Denying Richerson's Guilt Of Felonious Assault

As a final justification for summary judgment, State Farm argues that Plaintiffs and Richerson are collaterally estopped arguing that Richerson did not knowingly injure Drake. While the undisputed evidence establishes that State Farm owes no duty to Richerson under the policy, for purposes of completeness, the Court will address the issue of estoppel.

As previously noted, Plaintiffs do not oppose any of the arguments raised by State Farm, and have, in fact, indicated that they would oppose any effort by Richerson to advance the position that the "injuries he inflicted were unanticipated[,]"

13

(*See* Doc. No. 9.) Consequently, the only remaining issue is whether Richerson is collaterally estopped from denying that his actions were knowingly committed.

Res judicata is a bar to litigation which encompasses two related doctrines: claim preclusion and issue preclusion. Issue preclusion is often referred to as collateral estoppel. Collateral estoppel generally precludes parties from re-litigating facts and issues that (1) were actually and directly litigated in a prior action, (2) were decided by a court of competent jurisdiction, when (3) the party against whom collateral estoppel is asserted was a party to the prior action. *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994). With respect to criminal convictions, the Ohio Supreme Court has held that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967).

At his criminal trial in state court, in which Richerson testified, he did raise the defense that he did not knowingly injure Drake. Having had a full and fair opportunity to raise this issue in his criminal case, he is estopped from re-litigating the issue here. *See Perry*, 10 Ohio St. 2d at 180; *see, e.g., McLoughlin v. Sword*, Case No. CA93-05-014, 1993 Ohio App. LEXIS 5931 (Ohio Ct. App., Madison County Dec. 13, 1993) (plaintiff was precluded from re-litigating the issue of self-defense in a civil action where he had unsuccessfully asserted the defense in his criminal assault trial). Such a result is especially appropriate here where Richerson has not responded to State Farm's summary judgment motion. While Richerson previously denied that the injuries were

14

intended in his Answer, upon the filing of State Farm's properly supported summary judgment motion, he was obligated to come forward with evidence that would create a genuine issue of material fact as to State Farm's right to the relief it sought. *See Fulson*, 801 F. Supp. at 4; Fed. R. Civ. P. 56(c), (e)(2). State Farm is, therefore, entitled to summary judgment for the additional reason that Richerson is estopped from denying that he knowingly injured Drake, and a determination of this fact places Richerson's conduct squarely within the policy's intent exclusion.

## IV.      CONCLUSION

Viewing the evidence in a light most favorable to Defendant Richerson, the Court finds that State Farm has met its burden of establishing that there are no genuine issues of material fact that warrant a trial as to State Farm's duty to defend Richerson, and that State Farm is entitled to summary judgment in its favor. The Court, therefore, GRANTS State Farm's motion for summary judgment (Doc. No. 5), and further DECLARES that State Farm owes no duty to defend or indemnify Defendant Richerson in this action.

**IT IS SO ORDERED**.

Dated: July 6, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**